Alan J. Baratz, Esq.
Attorney I.D. No: 031451982
WEINER LAW GROUP LLP
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438
Phone: (973) 403-1100    Fax: (973) 403-0010
Attorneys for defendants, Township of Montclair, Steven Mateo, Michael Kupchak,
Christopher Adams and Brandon Taylor
Our File No: 88955
2224658v1  88955 notice of removal ajb 12-14-2021

| | |
|---|---|
| RICHARD WEBSTER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TOWNSHIP OF MONTCLAIR, STEVEN MATEO, MICHAEL KUPCHACK, CHRISTOPHER ADAMS and BRANDON TAYLOR,<br><br>　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION<br><br>ESSEX COUNTY<br><br>DOCKET NO: ESX-L-8606-21<br><br>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |

**PLEASE TAKE NOTICE** that defendants, Township of Montclair, Steven Mateo, Michael Kupchak, Christopher Adams and Brandon Taylor, hereby file Notice of Removal of the above-captioned matter to the United States District Court for the District of New Jersey, Newark Division from the Superior Court of New Jersey, Law Division, Essex County where the action is now pending, pursuant to 28 U.S.C.§1446, and state:

　　　1.　　The Township of Montclair, Steven Mateo, Michael Kupchack, Christopher Adams, and Brandon Taylor are named as defendants in the above-captioned matter.

2.      This civil action was commenced November 12, 2021 in the Superior Court of New Jersey, Law Division, Essex County under Docket No. ESX-L-8606-21.

3.      All of the following support the propriety of the action being removed to the United States District Court and proceeding in the United States District Court:

a.      In Counts 1, 2, 4, 6, 8, 10, 12, 13 and 15 of plaintiff's Complaint he alleges violations of rights secured by the 14th Amendment to the United States Constitution, and plaintiff therein seeks redress under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

b.      The United States District Court has original jurisdiction under the provisions of 28 U.S.C. §1331 because plaintiff's claims raise issues under federal law.

c.      28 U.S.C. §1441 permits removal by defendants to the United States District Court.

4.      Thirty (30) days have not elapsed since service of process on the defendants.  The Summons that was served on the Township of Montclair together with a copy of plaintiff's Complaint was dated November 12, 2021, and was served on December 2, 2021.

5.      A copy of the Summons dated November 12, 2021 that was served on the Township of Montclair December 2, 2021, and a copy of plaintiff's Complaint filed in the Superior Court of New Jersey on November 12, 2021 are  attached to the within Notice of Removal in accordance with 28 U.S.C. §1446.

6.      Concurrent with the filing of this Notice of Removal, defendants are providing written notice to all parties and to the Clerk of the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. §1446.

**WHEREFORE**, defendants, Township of Montclair, Steven Mateo, Michael Kupchak, Christopher Adams and Brandon Taylor, request that the subject action be removed to the United States District Court, and proceed in the United States District Court.

Respectfully submitted,

WEINER LAW GROUP LLP
Attorneys for defendants,
Township of Montclair, Steven Mateo, Michael Kupchak, Christopher Adams and Brandon Taylor

By: _____
Alan J. Baratz
A Member of the Firm

Dated: 12/14/21

# EXHIBIT A

## SUMMONS

Attorney(s) Sim & DePaola, LLP

Office Address 42-40 Bell Blvd. Ste 405

Town, State, Zip Code Bayside, NY 11361

Telephone Number 718-281-0400

Attorney(s) for Plaintiff Sang J. Sim, Esq. ID# 044191996

RICHARD WEBSTER,
Plaintiff(s)

vs.

TOWNSHIP OF MONTCLAIR, et al.

Defendant(s)

## Superior Court of New Jersey

Essex County

Civil Division

Docket No: ESX-L-008606-21

# CIVIL ACTION
# SUMMONS

MONTCLAIR TWP. CLERK
2 DEC '21

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Michelle M Smith
Clerk of the Superior Court

DATED: 11/12/2021

To: 205 Claremont Avenue, Montclair, NJ 07042

Name of Defendant to Be Served: TOWNSHIP OF MONTCLAIR; Steven Moreen Michael Kupchack, Christopher Adams

Address of Defendant to Be Served: 647 Bloomfield Avenue, Montclair, New Jersey 07043    & Brandon Taylo

To:

Revised 11/17/2014. CN 10792-English (Appendix XII-A)

SIM & DEPAOLA, LLP
Sang J. Sim, Esq. ID# 044191996
42-40 Bell Blvd – Ste 405
Bayside, New York 11361
(718) 281-0400
*Attorney for Plaintiff Richard Webster*

| | |
|---|---|
| RICHARD WEBSTER, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: ESSEX COUNTY |
| vs. | DOCKET NO.: |
| TOWNSHIP OF MONTCLAIR, STEVEN MATEO, MICHAEL KUPCHACK, CHRISTOPHER ADAMS and BRANDON TAYLOR, | CIVIL ACTION |
| | COMPLAINT WITH DEMAND FOR TRIAL BY JURY |
| Defendants. | |

     Plaintiff, Mr. Richard Webster (hereinafter, "Mr. Webster" or "Plaintiff"), by and through his counsel, Sim & DePaola, LLP, by way of Complaint against Defendants, Township of Montclair, Steven Mateo, Michael Kupchack, Christopher Adams and Brandon Taylor, states as follows:

1.    This is a civil rights action, in which Plaintiff seeks relief, vis-à-vis 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the laws of the State of New Jersey, in addition to the self-executing clauses or implied private causes of action within the New Jersey State Constitution, for the violations of his civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as the Laws and Constitution of the State of New Jersey.

2.    The following claims arose on November 12, 2019, when Defendants, acting under color of state law, unlawfully stopped, questioned, searched, arrested, assaulted, battered, and detained

Plaintiff in the vicinity of 30 Park Street, Montclair Township, New Jersey. Plaintiff was subsequently removed to the Montclair Police Department and then to the Essex County Jail. As a result, Plaintiff was deprived of his liberty and suffered various physical, emotional and psychological injuries. Plaintiff was maliciously prosecuted and denied his rights to Due Process and Fair Trial, until the charges were dismissed against the Plaintiff, which constituted a termination of the criminal proceeding in Plaintiff's favor.

3.     At all times here mentioned, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Township of Montclair, County of Essex and State of New Jersey.

4.     Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

**THE PARTIES**

5.     At all relevant times herein, Plaintiff, Mr. Webster, was an adult male residing Essex County, New Jersey.

6.     At all relevant times herein, Defendant Township of Montclair ("Montclair") is a municipal Corporation or political subdivision duly organized and existing under the laws of the State of New Jersey.

7.     At all relevant times herein, the Montclair Police Department was a wholly owned subsidiary that was further wholly operated, managed, maintained and controlled by Defendant Montclair.

8.     At all relevant times herein, Defendant Montclair acting through its Montclair Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of

2

all Montclair Police Department matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all Montclair Police Department personnel, including police officers, detectives, investigators, sergeants, lieutenants and other supervisory officers or officials, as well as the individually named Montclair Police Department Defendants herein.

9.      At all relevant times herein, Defendant Montclair, was responsible for enforcing the rules and regulations of the Montclair Police Department, and for ensuring that the Montclair Police Department personnel obey the laws and constitutions of the United States and the State of New Jersey.

10.     At all relevant times herein, Defendants, Steven Mateo ("Mateo"), Michael Kupchack ("Kupchack"), Christopher Adams ("Adams") and Brandon Taylor ("Taylor") were Montclair Police Officers, supervisors, officials or policymakers acting under color of state law, and were thus acting as agents, servants and employees of Defendant Montclair by and through its Montclair Police Department. At all times relevant herein, Defendants Mateo, Kupchack, Adams and Taylor were assigned Shield Numbers 263, 290, 289 and 285, respectively. Defendants Mateo, Kupchack, Adams and Taylor are being sued in their individual and official capacities.

11.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Township of Montclair, County of Essex or the State of New Jersey.

## FACTUAL CHARGES

12.     On November 12, 2019, at approximately 2:00 a.m., in the vicinity of 30 Park Street, Montclair Township, New Jersey, Mr. Webster was approached in a threatening and aggressive manner by Defendants, including Mateo, Kupchack, Adams and Taylor.

13.     At said date and time, Plaintiff had committed no crimes or violations of the law and Defendants, including Mateo, Kupchack, Adams and Taylor, had no reason to believe otherwise.

14.     Defendants, including Mateo, Kupchack, Adams and Taylor, falsely accused Plaintiff of various offenses, including Disorderly Conduct, Trespass and Obstruction of the Administration of Law, when Defendants lacked any credible or reasonable basis to support such allegations.

15.     Defendants, including Mateo, Kupchack, Adams and Taylor, proceeded to place Plaintiff under arrest by grabbing his arms, torso and head before violently and unnaturally contorting his arms and hands behind his back to affix metal handcuffs to Plaintiff's wrists.

16.     Prior to, during or after being placed in handcuffs, Defendants, including Mateo, Kupchack, Adams and Taylor, punched Plaintiff's face and head with closed fists, forcefully slammed Plaintiff into the ground and applied choke holds or other restraining holds against Plaintiff, despite the absence of any resistance.

17.     As a result, Plaintiff was caused to suffer substantial pain and physical injuries, including hematomas, contusions and lacerations to his face and body.

18.     Plaintiff was also caused to suffer a severe and debilitating shoulder injury which substantially limited his range of movement and overall quality of life.

19.     Said gratuitous applications of excessive force also caused Plaintiff to suffer extreme emotional distress and other psychological injuries, including exacerbated mania and post-traumatic-stress disorder.

20.     Defendants, including Mateo, Kupchack, Adams and Taylor, conducted an illegal search of Plaintiff's person by rifling through his pockets and patting him down all over.

21.    Plaintiff repeatedly requested that Defendants, including Mateo, Kupchack, Adams and Taylor, loosen the handcuffs, because they were causing him substantial pain and discomfort due to their excessive tightness.

22.    Defendants, including Mateo, Kupchack, Adams and Taylor, ignored all of Plaintiff's pleas to loosen the handcuffs, which resulted in Plaintiff's wrists sustaining contusions, swelling, and loss of feeling.

23.    Defendant Adams signed an Affidavit of Probable Cause against Plaintiff, in which he knowingly affirmed the truth of the fabricated allegations against Plaintiff, namely that Plaintiff had committed the above-referenced offenses.

24.    Defendants, including Mateo, Kupchack, Adams and Taylor, engaged in the fabrication of incriminatory evidence in the form of their observations, which they then forwarded to prosecutors, so that an otherwise baseless criminal prosecution would be initiated and thereafter maintained against Plaintiff, despite the lack of any probable cause to believe such prosecution would succeed or that Plaintiff was guilty of any crime or offense.

25.    The criminal proceedings initiated against Plaintiff by defendants, including Mateo, Kupchack, Adams and Taylor, were terminated in favor of Plaintiff on, or about, February 12, 2020, upon the dismissal of said charges or other favorable disposition indicative of Plaintiff's innocence.

26.    Defendants, including Mateo, Kupchack, Adams and Taylor, arrested and caused a criminal prosecution to be initiated against Plaintiff, because of their desires to use Plaintiff's arrest and criminal prosecution to incur additional overtime compensation, benefits and career favor from the superior officers, to avoid adverse consequences associated with failing to meet Montclair Police Department departmental arrest quotas, and also to conceal their egregious violations of

5

proper police procedures and gross misconduct, including their fabrications of non-existent observations, evidence and information.

27.      Defendants, including Mateo, Kupchack, Adams and Taylor, arrested, applied excessive force and initiated a malicious prosecution against Plaintiff in retaliation for Plaintiff's exertion of his Constitutional right to express his opinion regarding the establishment known as "Just Jakes" as well as his opinions regarding the conduct of the individually named defendants herein.

28.      As a result, Plaintiff developed a severe fear of police officers, which prevented him from venturing from his house for a period of time and has effectively permanently chilled his desire and ability to enter public areas or communicate with police officers.

29.      Plaintiff asserts that the Defendants, including Mateo, Kupchack, Adams and Taylor, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the Montclair Police Department and the Township of Montclair that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the Montclair Police Department and Township of Montclair or, at the very least, conclusive evidence that Montclair and the Montclair Police Department have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

30.      The individually named Defendants herein, as well as other officers serving in the employ of the Montclair Police Department and Township of Montclair, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New Jersey, all without incurring any ramifications for such misconduct and, ostensibly, with

6

the full and complete blessing of the Montclair Police Department, the Township of Montclair and their respective policymakers and supervisors.

31.      Upon information and belief, the Montclair Police Department, the Township of Montclair, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the Montclair Police Department that resulted in Plaintiff's arrest without probable cause.

32.      Upon information and belief, the Montclair Police Department, the Township of Montclair, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

33.      Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the Montclair Police Department and the Township of Montclair, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the Montclair Police Department and Township of Montclair.

34.      Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the Montclair Police Department, Township of Montclair and their respective policymakers, supervisors, police officers or employees, will become known after

the completion of discovery, as such information is presently within the exclusive possession of Defendants, the Montclair Police Department and Township of Montclair.

35.     Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of Defendant Township's knowledge that the individual officer Defendants were unfit for employment as Montclair Police Department officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

36.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that Montclair and the Montclair Police Department were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the Montclair Police Department and Township of Montclair failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the Township of Montclair's tacit approval of such misconduct or the Township of Montclair's deliberate indifference towards the civil rights of those who may interact with its employees, including Defendants including Mateo, Kupchack, Adams and Taylor.

37.     Upon information and belief, the individually named Defendants have combined to be named as Defendants in numerous lawsuits that have accused them of committing violations similar or identical to those alleged herein, all of which have resulted no disciplinary or corrective action of any kind.

8

38.    Upon information and belief, the Montclair Police Department and Township of Montclair and have failed. or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct.

39.    The aforementioned acts of Defendants, including Mateo, Kupchack, Adams and Taylor, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New Jersey.

40.    As a direct or proximate result of said acts, Plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 Against Individual Defendants

41.    The above paragraphs are here incorporated by reference as though fully set forth herein.

42.    Plaintiff engaged in speech and activities that were protected by the First Amendment to the United States Constitution.

43.    Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

44.    Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

45.    Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or

activities. or by chilling his desire to further participate or engage in such protected speech or activities.

46.   Accordingly, Plaintiff's right to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the United States Constitution, was violated by Defendants.

47.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged

## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

48.   The above paragraphs are here incorporated by reference as though fully set forth herein.

49.   Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

50.   Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

51.   Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

52.   The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

53.   Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures. pursuant to the Fourth Amendment to the United States Constitution.

54.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest & False Imprisonment Under
New Jersey State Law

55.    The above paragraphs are here incorporated by reference as though fully set forth herein.

56.    Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty

without a valid warrant or probable cause.

57.    Defendants acted outside of their authority in arresting the Plaintiff.

58.    Defendants unlawfully restrained the Plaintiff's locomotion.

59.    Defendants' arrest of the Plaintiff was not based on probable cause, and ultimately resulted

in dismissal of the claims against the Plaintiff.

60.    Defendants acted in reckless disregard for the Plaintiff's rights.

61.    Defendant Township of Montclair, as employer of the individual Defendants, is responsible

for their wrongdoings under the doctrines of *respondeat superior* or vicarious liability.

62.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

### FOURTH CAUSE OF ACTION
False Arrest & False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

63.    The above paragraphs are here incorporated by reference as though fully set forth herein.

64.    The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution

by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

65.    The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and

without probable cause or reasonable suspicion.

11

66.    At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

67.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Assault & Battery Under
New Jersey State Law

68.    The above paragraphs are here incorporated by reference as though fully set forth herein.

69.    At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

70.    Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent or justification.

71.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

72.    Defendant Township of Montclair, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

74.    The above paragraphs are here incorporated by reference as though fully set forth herein.

75.    The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

76.    Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

77.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
New Jersey State Law

78.     The above paragraphs are here incorporated by reference as though fully set forth herein.

79.     Defendants initiated the prosecution against Plaintiff.

80.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution could succeed.

81.     Defendants including Mateo, Kupchack, Adams and Taylor, filed or caused to be filed an Affidavit of Probable Cause and other official, valid and sworn documents upon which Plaintiff's prosecution was initiated or continued.

82.     Defendants acted with malice, which, in the absence of probable cause, may be inferred.

83.     The prosecution was terminated in Plaintiff's favor when all criminal charges were unconditionally dismissed or otherwise favorably disposed.

84.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

85.     Defendant Township of Montclair, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

87.     The above paragraphs are here incorporated by reference as though fully set forth herein.

88.     Defendants initiated the prosecution against Plaintiff.

89.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

90.     Defendants acted with malice, which, in the absence of probable cause, may be inferred.

91.     The prosecution was terminated in Plaintiff's favor when all criminal charges were unconditionally dismissed or otherwise favorably disposed.

92.     Accordingly, Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights.

93.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Denial of Right to Due Process or Fair Trial Under
New Jersey State Law

94.     The above paragraphs are here incorporated by reference as though fully set forth herein.

95.     Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

96.     Defendants forwarded said false information to prosecutors within the District Attorney's Office.

97.     Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

98.     Defendant Montclair, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

100.    The above paragraphs are here incorporated by reference as though fully set forth herein.

101.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence

a jury's decision.

102.    Defendants forwarded said false information to prosecutors within the District Attorney's

Office.

103.    Defendants' actions resulted in post-arraignment restrictions and deprivations upon

Plaintiff's liberty and freedom of movement.

104.    Accordingly, Defendants violated Plaintiff's right to fair trial, pursuant to the Fifth, Sixth

and Fourteenth Amendments to United States Constitution.

105.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

### ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
New Jersey State Law

106.    The above paragraphs are here incorporated by reference as though fully set forth herein.

107.    Those Defendants that were present but did not actively participate in the aforementioned

unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty

to intervene and prevent such conduct, and failed to intervene.

108.    Defendant Montclair, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of *respondeat superior*.

109.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages

hereinbefore alleged.

### TWELFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

110.    The above paragraphs are here incorporated by reference as though fully set forth herein.

111.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

112.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

113.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRTEENTH CAUSE OF ACTION
Due Process/Fabrication of Evidence Claim Under
42 U.S.C. § 1983 Against Individual Defendants

114.    The above paragraphs are here incorporated by reference as though fully set forth herein.

115.    Those Defendants deliberately fabricated evidence against the Plaintiff and that as a result of this evidence being used against him, he was deprived of his constitutional right without due process of law.

116.    As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States

117.    The Defendants fabricated evidence in order to support their false arrest, detention and prosecution of the Plaintiff. The Defendants used this fabricated evidence and informed the prosecution that the fabricated evidence was true and accurate despite the fact that knew that the fabricated evidence was not true.  As a result, the Plaintiff was deprived of his constitutional rights.

118.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention & Supervision Under
New Jersey State Law

119.    The above paragraphs are here incorporated by reference as though fully set forth.

120.    Defendant Montclair owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

121.    Defendant Montclair breached those duties of care.

122.    Defendant Montclair placed Defendants in a position where they could inflict foreseeable harm.

123.    Defendant Montclair knew or reasonably should have known of its employees' propensity for committing civil rights violations.

124.    Defendant Montclair failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

125.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant Montclair

1.    The above paragraphs are here incorporated by reference as though fully set forth.

2.    Defendant Montclair maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

3.      Defendant Montclair's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

4.      Defendant Montclair, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to Montclair's deliberate indifference toward the rights of those who may come into contact with Defendant Montclair's employees.

5.      Defendant Montclair's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by Defendant Montclair and its policymakers toward the rights of individuals, who may come into contact with Defendant Montclair's employees.

6.      Defendant Montclair's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

7.      Defendant Montclair's conduct caused Plaintiff to be deprived of his civil rights, as guaranteed by the Constitution of the United States, via the First, Fourth, Fifth, Sixth & Fourteenth Amendments thereto.

8.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

ESX-L-008606-21   11/12/2021 7:30:24 PM  Pg 19 of 22 Trans ID: LCV20212647196

a) On the First Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

b) On the Second Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

c) On the Third Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

d) On the Fourth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

e) On the Fifth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

f) On the Sixth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

g) On the Seventh Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

ESX-L-008606-21   11/12/2021 7:30:24 PM   Pg 20 of 22 Trans ID: LCV20212647196

h)  On the Eighth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

i)  On the Ninth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

j)  On the Tenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

k)  On the Eleventh Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

l)  On the Twelfth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

m)  On the Thirteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

n)  On the Fourteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter:

o) On the Fifteenth Cause of Action, in a sum of money having a present value which

   exceeds the jurisdictional limits of all lower courts which would otherwise have

   jurisdiction of this matter;

p) Awarding Plaintiff punitive damages in an amount to be determined by a jury on all

   causes of action set forth herein;

q) Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 and

   all applicable state or local laws; together with the costs and disbursements of this action.

Dated: Bayside, New York
      November 12, 2021

                       By: _____

                            Sang J. Sim, Esq.
                            *Attorney for Plaintiff*

ESX-L-008606-21  11/12/2021 7:30:24 PM  Pg 22 of 22 Trans ID: LCV20212647196

## CERTIFICATION

I hereby certify that, pursuant to R.4:5-1, the matter in controversy is not the subject to any other action pending in any Court or of any arbitration proceeding and no such action or proceeding is contemplated. I know of no other party who should be joined in this action.

_____
Sang J. Sim, Esq.
*Attorney for Plaintiff*

Dated: November 12, 2021

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R.4:25.4, Sang J. Sim is hereby designated trial counsel in this matter.

_____
Sang J. Sim, Esq.
*Attorney for Plaintiff*

Dated: November 12, 2021

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

_____
Sang J. Sim, Esq.
*Attorney for Plaintiff*

Dated: November 12, 2021

22